IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARUN M. COLEMAN, ) | |
| ) | |
| *Plaintiff,* ) | |
| -vs- ) | No. 16 CV 2682 |
| ) | |
| SHERIFF OF COOK COUNTY, ) | *(Judge Darrah)* |
| COOK COUNTY, ILLINOIS, and ) | |
| COOK COUNTY SHERIFF'S ) | |
| MERIT BOARD, ) | |
| ) | |
| *Defendants.* ) | |

## AMENDED COMPLAINT

Plaintiff, by counsel and with leave of Court, alleges as follows:

1. This is a civil action arising under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq. and Illinois law.

2. The jurisdiction of this Court is conferred by 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1367.

3. Plaintiff Sharun M. Coleman is an African-American resident of the Northern District of Illinois.

4. Defendant Sheriff of Cook County is sued in his official capacity as the "employer" of correctional officers.

5. Defendant Cook County is joined in accordance with *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

6. Defendant Cook County Sheriff's Merit Board is an entity created by Illinois law, 55 ILCS 5/3-7002.

7. Plaintiff applied for employment as a correctional officer with the Sheriff in 2014.

8. At all times relevant, Illinois law required that, before plaintiff could be employed by the Sheriff as a correctional officer, she was required to be "certified by the [Merit] Board as being qualified for employment." 55 ILCS 5/3-7008.

9. At the time she applied for employment as a Correctional Officer, plaintiff possessed all of the qualifications required for certification by the Merit Board:

    a. Plaintiff was more than 21 years of age.

    b. Plaintiff had successfully completed 2 years of law enforcement studies at an accredited college or university.

    c. Plaintiff was of good moral character.

    d. Plaintiff was a citizen of the United States.

    e. Plaintiff had not been convicted of a crime.

    f. Plaintiff met all of the prerequisites of training, education and experience that had been prescribed by the Merit Board.

10. After applying for employment as a correctional officer, plaintiff successfully passed all of the mental, physical, psychiatric, and other tests and examinations that had been prescribed by the Merit Board.

11. As a result of the foregoing, plaintiff had a clear legal right under Illinois law to be certified for employment as a correctional officer by the Sheriff's Merit Board.

12. Defendant Merit Board breached its duty to certify plaintiff for employment as a correctional officer in August of 2015 when, without providing any explanation for its decision, the Merit Board informed plaintiff that it would not certify her for employment as a correctional officer.

13. Plaintiff promptly inquired of the Merit Board for the reason or reasons for her disqualification; the Board refused to explain its decision and concealed from plaintiff that it had breached its duty to certify plaintiff for employment as a correctional officer.

14. Plaintiff filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission and filed this action within 90 days of receipt of her notice of right to sue.

15. On August 8, 2016, after filing this lawsuit, plaintiff learned from the Sheriff facts showing that the Merit Board had breached its duty

to certify plaintiff for employment as a correctional officer. Specifically, plaintiff learned that the Merit Board had refused to certify plaintiff for employment as a correctional officer because its investigator had stated, in reckless disregard of the truth, that plaintiff had withheld from the Merit Board her relationship with a convicted felon.

16. The false statement by the Merit Board's investigator that plaintiff had concealed a relationship with a convicted felon was contradicted by the materials considered by the investigator and was motivated by racial animus or, in the alternative, was grossly negligent.

17. Plaintiff was denied equal employment opportunities in violation of Title VII if she was disqualified for employment because of racial animus on the part of the Merit Board.

18. As the employer of correctional officers, defendant Sheriff is liable for this violation of Title VII.

19. In the alternative, plaintiff is entitled under Illinois law to issuance of a writ of mandamus compelling the Merit Board to certify her for employment as a correctional officer and for the grant of such other equitable relief as may be required to make plaintiff whole.

20. Plaintiff hereby demands trial by jury on her claim against the Sheriff under Title VII.

WHEREFORE plaintiff requests that the Court award such monetary damages and equitable relief as may be appropriate.

                /s/ <u>Kenneth N. Flaxman</u>
                    Kenneth N. Flaxman
                    ARDC 830399
                    Joel A. Flaxman
                    200 S Michigan Ave, Ste 201
                    Chicago, Illinois 60604
                    (312) 427-3200
                    *Attorneys for Plaintiff*