UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARUN M. COLEMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 16-cv-2682 ) |
| SHERIFF OF COOK COUNTY, et al., | ) Judge John W. Darrah ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On February 29, 2016, Plaintiff Sharun M. Coleman filed a Complaint against Defendants, the Sheriff of Cook County, Cook County, and the Cook County Sheriff's Merit Board. The Complaint alleges that Defendants denied Plaintiff equal employment opportunities in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, due to racial animus. (Compl. ¶¶ 10-18.) Plaintiff, in the alternative, seeks a writ of mandamus. (Compl. ¶ 19.) Defendant Cook County Sheriff's Merit Board ("Merit Board") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, Defendant's Motion [28] is granted.

## BACKGROUND

The following is taken from Plaintiff's Amended Complaint, which is assumed to be true for purposes of a motion to dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

Plaintiff is an African-American resident of the Northern District of Illinois. (Compl. ¶ 3.) In 2014, Plaintiff applied for employment as a correctional officer with the Cook County Sheriff. (Id. ¶ 7.) Before a person can be employed by as a County Correctional Officer, the

applicant must be certified by the Merit Board as being qualified for such employment. (215 ILCS 5/3-7008; Id. ¶ 8.) At the time Plaintiff applied for employment, she met all of the qualifications required for certification by the Merit Board. (Id. ¶ 9.) After applying for employment as a correctional officer, Plaintiff passed all of the mental, physical, psychiatric, and other tests and examinations prescribed by the Merit Board. (Id. ¶ 10.) However, the Merit Board did not certify Plaintiff in 2015. (Id. ¶ 12.)

After filing this lawsuit, Plaintiff learned that the Merit Board declined to certify Plaintiff for employment because its investigator stated that Plaintiff withheld her relationship with a convicted felon from the Merit Board. (Id. ¶ 15.) Plaintiff alleges that this statement was false, and contradicted by the materials considered by the investigator. Plaintiff also alleges that the investigator was motivated by racial animus or, in the alternative, was grossly negligent. (Id. ¶ 16.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)

(quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Twombly*, 550 U.S. at 555-56.

**ANALYSIS**

Defendant Merit Board moves for dismissal of Plaintiff's Title VII claims because it was not her employer. "In order to bring a Title VII claim against [Defendant], [Plaintiff] must prove the existence of an employer-employee relationship." *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701 (7th Cir. 2015). Plaintiff concedes that Defendant Merit Board is not her "employer" for the purposes of Title VII liability, and that her Title VII claim is only directed toward the Cook County Sheriff. (Dkt. 31 at 2.) In its Reply, Defendant Merit Board argues that the Amended Complaint was so unclear that there was no way for it to know that Plaintiff was only bringing a Title VII claim against the Cook County Sheriff. While this argument may have merit, the Amended Complaint clearly requests an issuance of a writ of mandamus against Defendant Merit Board. (Compl. ¶19.) Defendant Merit Board further argues that if Plaintiff is not bringing a Title VII claim against it, her state law claim should be dismissed for lack of jurisdiction.

Plaintiff admits that she makes no federal claim against Defendant Merit Board, asserting in the alternative, that she is entitled under Illinois law to a writ of mandamus compelling Defendant Merit Board to certify her for employment as a correctional officer with the Cook County Sheriff's Office. As Plaintiff is not asserting a federal claim against Defendant Merit Board, there is no basis for federal subject matter jurisdiction over Plaintiff's state law claim for mandamus. Federal Rule of Civil Procedure 12(b)(1) provides the grounds for a motion to dismiss for lack of subject-matter jurisdiction. If the court finds at any time that it

lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). Plaintiff's claim against Defendant Merit Board is dismissed for lack of subject-matter jurisdiction.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [28] is granted. Plaintiff is granted leave to file an amended complaint within thirty days of the entry of this Order, if she can do so in a manner consistent with this Opinion and Rule 11 of the Federal Rules of Civil Procedure.

Date:     February 15, 2017                                        
JOHN W. DARRAH
United States District Court Judge