# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| SHARUN COLEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>SHERIFF OF COOK COUNTY,<br><br>    Defendant. | No. 16 C 2682<br><br>Judge Thomas M. Durkin |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sharun M. Coleman ("Coleman") has asked this Court to reconsider Judge Darrah's February 15, 2007 Memorandum Opinion and Order dismissing her state law petition for writ of mandamus, finding "no basis for federal subject matter jurisdiction over plaintiff's state law claim for mandamus." R. 54 at 4. For the reasons set forth below, the Court grants Coleman's Motion to Reconsider based on an error in application of law.

## Legal Standard

This Court has "inherent authority" under Rule 54(b) to reconsider its interlocutory orders. *Janusz v. City of Chi.*, 78 F. Supp. 3d 782, 787 (N.D. Ill. 2015); Fed. R. Civ. P. 54(b) (Non-final orders "may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). A motion to reconsider is not, however, a proper vehicle for rehashing arguments that the Court previously rejected. *See Janusz*, 78 F. Supp 3d at 787. "Rather, a motion to reconsider allows a party to direct the court's attention to manifest errors of fact

or law, a significant change in the law or facts, the court's misunderstanding of a party's argument, or a party's contention that the court ruled on an issue that was not properly before it." *Id.*

**Background**

Plaintiff Sharun M. Coleman is an African-American resident of the Northern District of Illinois. R. 18 ¶ 3. In 2014, Coleman applied for employment as a correctional officer with the Cook County Sheriff. *Id.* ¶ 7. Before an applicant can be employed as a correctional officer, Illinois law requires that he or she be certified by the Merit Board, an entity created by Illinois law, as being qualified for such employment. 55 ILCS 5/3-7002; R. 18 ¶ 8. At the time Coleman applied for employment, she met all of the qualifications required for certification by the Merit Board. *Id.* ¶ 9. After applying for employment as a correctional officer, Coleman successfully passed all of the mental, physical, psychiatric, and other tests and examinations that had been prescribed by the Merit Board. *Id.* ¶ 10. However, the Merit Board did not certify Coleman in 2015. *Id.* ¶ 12.

On September 22, 2016, Coleman filed an amended complaint against the Merit Board, the Sheriff of Cook County, and Cook County. R. 18. The complaint alleges that the Sheriff of Cook County denied plaintiff equal employment opportunities in violation of Title VII of the Civil Rights Act due to racial animus on the part of the Merit Board. In the alternative, Coleman seeks a state law writ of mandamus against the Merit Board compelling the Merit Board to certify her for employment as a correctional officer and for other equitable relief. R. 18 ¶¶ 17-19.

2

After filing this lawsuit, Coleman learned that the Merit Board refused to certify her for employment because its investigator had stated that Coleman had withheld her relationship with a convicted felon from the Merit Board. *Id.* ¶ 15. Coleman alleges that this statement was false, and that it was contradicted by the materials considered by the investigator. *Id.* ¶ 16. Coleman also alleges that the investigator was motivated by racial animus or, in the alternative, was grossly negligent. *Id.*

The Merit Board moved for dismissal of Coleman's state law claim. R. 28. On February 15, 2017, Judge Darrah issued a Memorandum Opinion and Order, finding that because plaintiff did not assert a federal claim against the Merit Board, there was "no basis for federal subject matter jurisdiction over plaintiff's state law claim for mandamus." R. 55 at 4. Judge Darrah therefore dismissed Coleman's state law writ of mandamus claim against the Merit Board. *Id.* Presently before the Court is Coleman's Motion to Reconsider Judge Darrah's Opinion dismissing her state law mandamus claim for lack of subject matter jurisdiction. R. 59.

## Analysis

Coleman argues that the Court committed manifest error of law when it ruled that it lacked subject-matter jurisdiction over Coleman's state law claim against the Merit Board on the ground that plaintiff is not asserting a federal claim.

### I. Supplemental Jurisdiction

Coleman's writ of mandamus claim arises under Illinois state law. The Court does not have original jurisdiction over this state law claim and may address it only

3

if it chooses to exercise its supplemental jurisdiction. "28 U.S.C. § 1367 allows a district court to decide any 'claims' related to other claims over which the court has original jurisdiction 'if they are so closely related to the plaintiff's federal-law claims as to be in effect part of the same case.'" *Hadad v. World Fuel Services, Inc.*, No 13 C 3802, 2013 WL 6498894 at *3 (Dec. 11, 2013) (quoting *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 906 (7th Cir. 2007)); *see also Ammerman v. Sween*, 54 F.3d 423 (7th Cir. 1995) ("[28 U.S.C. § 1367] authorize[s] federal courts to hear all claims that are 'so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'").

Claims form part of the same case or controversy when they "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). To meet this requirement, "[a] loose factual connection between the claims is generally sufficient." *Ammerman*, 54 F.3d at 424. The purpose of supplemental jurisdiction is "to promote 'economy in litigation,' as it would be inefficient to adjudicate essentially the same issues in two separate forums." *Hadad*, 2013 WL 6498894 at *3. Additionally, "[t]he joinder of an additional party against whom the plaintiff has a state claim closely related to the claim on which federal jurisdiction is based . . . is expressly authorized by the statute conferring supplemental jurisdiction on the federal courts." *Wilson v. City of Chicago,* 120 F.3d 681, 683-84 (7th Cir. 1997).

There is no dispute that the Court has original jurisdiction over Coleman's Title VII claim against defendants Cook County Sheriff and Cook County. Coleman

4

asserts that her state law claim against the Merit Board is "part of the same case or controversy as her Title VII claim," given the existence of a "loose factual connection [present] between the claims." R. 59 ¶ 10. Coleman argues that this connection is established because allegations that her application to be a correctional officer was improperly denied are present in both claims.

Coleman's Title VII claim and state law mandamus claim form part of the same case or controversy given that the factual allegations supporting both claims for relief are identical. Thus, the requirements of 28 U.S.C. § 1367 are met. But that does not end the inquiry. We must still consider whether there is some reason to decline to exercise supplemental jurisdiction over state law claims. The statute explains that a district court can decline to exercise supplemental jurisdiction if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[1] 28 U.S.C. § 1367(c).

Here, Coleman's state law mandamus action does not meet any of the criteria listed for declining to exercise of supplemental jurisdiction. First, Coleman's state law mandamus claim does not raise "a novel or complex issue of state law." 28

---

[1] These principles for declining to exercise supplemental jurisdiction "reflect the understanding that . . . 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Melon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

5

U.S.C. § 1367(c)(1). Second, Coleman's state law mandamus claim does not "substantially predominate[] over the [Title VII] claim over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). Third, the Court has not dismissed the Title VII claim, over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Lastly, the Merit Board does not assert any "exceptional circumstances" or "other compelling reasons" for declining jurisdiction. 28 U.S.C. § 1367(c)(4). Although the Merit Board argues that the Court should decline to exercise jurisdiction based on the purported weakness of Coleman's mandamus claim, the merits of a claim are not a basis for declining to exercise jurisdiction. *See Bond v. United States*, 564 U.S. 211, 219 (2011) (noting that "the question whether a plaintiff states a claim for relief 'goes to the merits' in the typical case, not the justiciability of a dispute, and conflation of these two concepts can cause confusion") (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 96-97 (1998)).

Additionally, dismissing Coleman's state law mandamus claims presents at least some risk that Coleman will re-litigate these facts in state court and receive an inconsistent judgment. *See Vallero v. Burlington N. R. Co.*, 749 F. Supp. 908, 910-11 (C.D. Ill. 1990) ("To direct Burlington to take its contribution claims to state court and re-litigate the identical facts and issues not only wastes scarce judicial resources, but risks inconsistent judgments.").

**Conclusion**

For the foregoing reasons, Coleman's Motion to Reconsider, R. 59, is granted.[2]

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: September 19, 2017

---

[2] Coleman's mandamus claim seeks a writ of mandamus "compelling the Merit Board to certify her for employment as a correctional officer," R. 18 ¶ 19, but this Court finds that Coleman's mandamus claim is proper only insofar as she seeks a more thorough and factually correct investigation by the Merit Board.

7